**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ⸻⸻⸻⸻⸻⸻⸻⸻ ) | |
| MICHAEL R. FANNING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:11-cv-2151 (ABJ) |
| ) | |
| HOTEL MANAGEMENT ) | |
| ADVISORS – TROY, LLC, ) | |
| ) | |
| Defendant. ) | |
| ⸻⸻⸻⸻⸻⸻⸻⸻ ) | |

**MEMORANDUM OPINION**

Plaintiff Michael R. Fanning, in his official capacity as Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers ("Fund"), brought this action against Hotel Management Advisors – Troy, LLC on December 1, 2011, alleging that defendant failed to contribute to the Fund the proper amount owed under the relevant collective bargaining agreements.  Plaintiff asserts that defendant is bound through its collective bargaining agreements with the International Union of Operating Engineers Local Union No. 324 and other related agreements to pay certain sums of money into the fund for each hour its employees perform work covered by the relevant agreements.  Compl. ¶ 7.  Pursuant to the terms of those agreements and because defendant failed to pay, plaintiff asserts that it is entitled to a monetary award in the amount of the unpaid contributions, liquidated damages, interest on the unpaid contributions, as well as costs and attorneys' fees.  *Id.* ¶¶ 6–12.

On January 20, 2012, the Clerk of the Court filed an entry of default against defendant pursuant to Federal Rule of Civil Procedure 55(a) [Dkt. # 4].  Now before the Court is the Fund's

Motion for Entry of Default Judgment on count one of the complaint pursuant to Rule 55(b) [Dkt. # 5].[1]  Having considered the Fund's submissions, including the Fund's Memorandum in Support of its Motion for Default Judgment, the attachments thereto, applicable case law, statutory authority, and the record of the case as a whole, the Court will grant the Fund's motion.

## I.       Background

Plaintiff is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, a multiemployer employee pension plan, organized under the provisions of the Employee Retirement Income Security Act ("ERISA").  Compl. ¶ 1.  The Fund provides retirement, disability, survivor, and death benefits to individuals working as engineers in various industries throughout the United States.  *See* Decl. of Michael R. Fanning ("Fanning Decl.") ¶ 6.  Employers contribute to the Fund pursuant to the terms of various collective bargaining agreements entered into with local unions of the International Union of Operating Engineers.  *Id*. ¶ 7.  Defendant is one such signatory employer obligated to make contributions to the Fund under the terms of its collective bargaining agreement and the Fund's Restated Agreement and Declaration of Trust.  *Id*. ¶¶ 8–10.  The collective bargaining agreements to which defendant is a party provide that for every hour worked by an employee that is covered by the agreement, defendant is obligated to pay contributions to the Fund in addition to wages.  *Id*. ¶ 9.

Defendant submitted reports to the Fund indicating the number of hours worked by its employees under the collective bargaining agreement.  *Id*.  These submissions indicate that defendant owes a total of $3,140.35 in unpaid contributions to the Fund for two periods of work

---

1       Plaintiff filed a notice of voluntary dismissal of count two of the complaint.  [Dkt. # 6]. Therefore, the Court's entry of default judgment as to count one of the complaint will constitute a final judgment.

by its employees:  April 2010 to July 2010, and September 2010 to May 2011.  *Id.* ¶ 10; Ex. D to Fanning Decl.  In addition to unpaid contributions, plaintiff alleges that defendant owes liquidated damages at the rate of 15% and interest on the unpaid contributions at the rate of 9% per annum from the date due until date paid, pursuant to Sections 4.5(b) and (c) of the Restated Agreement and Declaration of Trust respectively.[2]  Fanning Decl. ¶ 11; *see also* Ex. A to Fanning Decl. at §§ 4.5(b)–(c).  Plaintiff has calculated that liquidated damages for the relevant periods totals $471.05 and that interest at the rate of 9% per annum from the date due until January 31, 2012 totals $323.87.  Fanning Decl. ¶ 11; *see* Ex. D to Fanning Decl.

Finally, plaintiff alleges that defendant is obligated to pay to the Fund all costs, audit expenses, and attorneys' fees incurred by the Trustees in enforcing the parties' agreements, pursuant to Section 4.5(e) of the Restated Agreement and Declaration of Trust.  Mem. in Support of Mot. for Entry of J. by Default ("Pl.'s Mem.") at 5–6; Ex. A to Fanning Decl. at § 4.5(e).  As set forth in the Declaration of R. Richard Hopp, counsel of record for the Fund, the Fund incurred legal costs in the amount of $500.00 and attorneys' fees in the amount of $575.00 in enforcing the terms of the parties' agreement.  *See* Declaration of R. Richard Hopp ("Hopp Decl.") ¶¶ 4–6.

Defendant was served with the complaint and Summons on December 28, 2011, and was therefore required to respond by January 18, 2012 [Dkt. #2].  *See* Fed. R. Civ. P. 12(a)(1)(A).  Defendant failed to file an answer or otherwise respond to the plaintiff's complaint, and the Fund subsequently moved for entry of default. [Dkt. # 3].  On January 20, 2012, the Clerk of the Court entered defendant's default for failure to plead or otherwise defend this action [Dkt. # 4].  The

---

2      Although Section 4.5(b) of the Restated Agreement and Declaration of Trust authorizes liquidated damages to be assessed at the rate of 20%, the Fund requests only 15% in its motion for default judgment.  *See* Pl.'s Mem. in Supp. of its Mot. for Default J. ("Pl.'s Mem.") at 4.

Fund subsequently filed the instant motion for entry of judgment by default on February 6, 2012 [Dkt. # 5].  As of the date of this Order, defendant has not entered an appearance nor filed any pleadings in this case.

## II.     Legal Standard

Federal Rule of Civil Procedure 55(a) provides that the clerk of the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).  After a default has been entered, a court may enter a default judgment order pursuant to Rule 55(b).  "The determination of whether default judgment is appropriate is committed to the discretion of the trial court." *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008), citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980).  Upon entry of default by the clerk of the court, the "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." *Int'l Painters & Allied Trades Indus. Pension Fund v. RW Amrine Drywall Co., Inc.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002) (internal citation omitted).  "Although the default establishes a defendant's liability, the court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain." *Id.*, citing *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001).  Accordingly, when moving for a default judgment, the plaintiff must prove its entitlement to the amount of monetary damages requested. *Id.*  "In ruling on such a motion, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Id.*, citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1981).

### III.    Analysis

Where, as here, there is a complete "absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense, it is clear that the standard for default judgment has been satisfied." *Auxier Drywall, LLC*, 531 F. Supp. 2d at 57 (internal quotation marks omitted).  The Clerk of the Court entered defendant's default, and the factual allegations in the complaint are therefore taken as true.  *See R.W. Amrine Drywall Co., Inc.*, 239 F. Supp. 2d at 30.  The Court finds that the Fund's complaint sufficiently alleges facts to support its claims.  Accordingly, the Fund is entitled to default judgment as to defendant's liability for its failure to timely pay contributions to the Fund under the terms of defendant's collective bargaining agreement and related agreements.

Although the default establishes a defendant's liability, the Court makes an independent determination of the sum to be awarded in the judgment unless the amount of damages is certain. *Adkins*, 180 F. Supp. 2d at 17.  Here, pursuant to the terms of the Restated Agreement and Declaration of Trust, Defendant is obligated to pay:  (1) the total amount of unpaid contributions still outstanding for the period of time from April 2010 to July 2010 as well as for the period of time from September 2010 to May 2011; (2) liquidated damages at the rate of 15%; (3) unpaid interest at the rate of 9% per annum; and (4) legal costs, attorneys' fees and audit costs.  *See* Pl.'s Mem. at 4–6; Fanning Decl. ¶¶ 10–11; *see also* Ex. A to Fanning Decl. § 4.5.  Additionally, pursuant to section 502(g) of ERISA, 29 U.S.C. Section 1132(g)(2), the Fund is entitled to:  (A) the unpaid contributions; (B) interest on the unpaid contributions; (C) liquidated damages in an amount equal to the greater of (i) the interest on the unpaid contributions, or (ii) the amount provided for under the plan not in excess of 20% (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A); (D)

reasonable attorneys' fees and costs of the action, to be paid by the defendant, and (E) such other legal or equitable relief as the court deems appropriate.

As summarized above, plaintiff filed the declarations of Fanning and Hopp in support of its motion for default judgment. *See* Fanning Decl.; Hopp Decl.  Based on these uncontroverted declarations, the Court finds that plaintiff has established damages in the amount of:

• $3,140.35 in unpaid contributions (the sum of $1,024.43 for the period April 2010 to July 2010, and $2,115.92 for the period September 2010 to May 2012);

• $471.05 in liquidated damages for the unpaid contributions;

• $323.87 in interest on the unpaid contributions, as calculated through January 31, 2012;

• $1,075.00 in costs and attorneys' fees (the sum of $500.00 in legal costs and $575.00 in attorneys' fees).

*See* 29 U.S.C. §§ 1132(g)(2)(A)–(D); Ex. A to Fanning Decl. § 4.5; Ex. D to Fanning Decl.

Therefore, pursuant to the terms of the Restated Agreement and Declaration of Trust and 29 U.S.C. § 1132(g)(2), the Court shall award the Fund a monetary judgment in the amount of $5,010.27.

**IV.      Conclusion**

Accordingly, the Fund's Motion for Entry of Default Judgment [Dkt. #5] will be granted. Judgment will be entered against Defendant Hotel Management Advisors – Troy, LLC in the amount of $5,010.27.   A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE:  May 4, 2012